UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: DAILY FANTASY SPORTS LITIGATION | ) ) ) ) | MDL No. 16-02677-GAO |
| This Document Relates To: | ) ) |  |
| STEINER v. DRAFTKINGS, INC., and FANDUEL, INC.,[1] Civil Action No. 16-10297-GAO | ) ) ) ) ) |  |

OPINION AND ORDER
June 23, 2022

O'TOOLE, D.J.

This case consolidates for centralized pretrial proceedings more than eighty individually brought actions and putative class actions filed in this Court or transferred here by the Judicial Panel on Multidistrict Litigation ("JPML"). The underlying complaints allege improper and illegal conduct by DraftKings, Inc., FanDuel, LLC, and FanDuel Deposits, LLC,[2] which are providers of online daily fantasy sports contests (collectively, the "DFS defendants"), and by Paysafecard.com USA, Inc. and Vantiv, Inc., companies providing payment processing services for DraftKings and FanDuel. A First Amended Master Class Action Complaint ("Amended Complaint") asserts twenty-seven state law and federal statutory claims against the defendants.

---

[1] The complaint in Nelson C. Steiner's individual case describes FanDuel as incorporated, but the First Amended Master Class Action Complaint in the MDL master docket identifies FanDuel as a limited liability company. This Opinion and Order utilizes "LLC" in the body for consistency with previous substantive orders.

[2] Defendants FanDuel, LLC and FanDuel Deposits, LLC are referred to collectively as "FanDuel" herein.

One claim asserted in the Amended Complaint is by Nelson C. Steiner, a resident and citizen of Florida. Steiner originally brought suit in the Circuit Court for Pinellas County, Florida. DraftKings, with the consent of FanDuel, removed the case to the United States District Court for the Middle District of Florida. The JPML subsequently transferred the action to this Court, and Steiner's claim was consolidated into the Amended Complaint.

According to his allegations, Steiner has never had an account with either of the DFS defendants or himself participated in any of their online contests. Rather, his complaint asserts that he "brings this action as a concerned citizen of the State of Florida," purporting to act "as a representative for the use and benefit of the State of Florida" against the defendants. (First Am. Master Class Action Compl. & Jury Demand at ¶ 50 (dkt. no. 269).) He alleges that "illegal gambling is injurious to the citizens of Florida and deprives the state of Florida" of economic benefits, including tax revenues and lawful employment opportunities. (Id.) He claims that he is authorized to bring suit as a representative of the State under title 46, section 849.12 of the Florida Statutes.

The DFS defendants have jointly moved to dismiss Steiner's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of their motion, the defendants argue, in relevant part, that Steiner lacks standing to invoke the jurisdiction of the federal courts because he has not alleged that he himself suffered any actual injury caused by the defendants. Steiner does not dispute that contention.

Article III of the Constitution limits federal courts to deciding cases or controversies. See U.S. Const. art. III, § 2. The justiciability doctrine of standing is rooted in Article III's case and controversy requirement and is a threshold inquiry which must be addressed prior to reaching the merits of any underlying dispute. The "[f]irst and foremost" concern in the standing inquiry is the

requirement that the plaintiff show an injury in fact. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 103 (1998)). This "helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy.'" Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)); accord Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017).

As noted, Steiner alleges no personal stake in the outcome of the litigation. Rather, he purports to proceed in effect as a private attorney general seeking to enforce a Florida statute on behalf of the State. He does not allege "a distinct and palpable injury to himself." See Warth, 422 U.S. at 501. Indeed, he disclaims any personal injury to himself. Under well established doctrine, Steiner does not have Article III standing to invoke this Court's jurisdiction.

The parties, apparently agreeing that the Court lacks jurisdiction to hear Steiner's claim for lack of standing, focus their dispute on the appropriate response. Steiner urges remand, whereas the defendants request dismissal with prejudice, cursorily arguing that he has no standing to bring a claim in a Florida state court either. I think the appropriate response is to remand Steiner's claim to the Florida state court. First, 28 U.S.C § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." Id. (emphasis added); see also Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs., 876 F.2d 1051, 1054 (1st Cir. 1989). "[T]he literal words of § 1447(c), . . . on their face, give . . . no discretion to dismiss rather than remand an action." Me. Ass'n of Interdependent Neighborhoods, 876 F.2d at 1054; accord Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 88–89 (1991). Further, whether Steiner has standing to pursue the claim in state court is a question properly directed to the Florida state courts.

For the foregoing reasons, the defendants' Joint Motion to Dismiss the Complaint (dkt. no. 417) is GRANTED to the extent described herein. The case shall be REMANDED to the Circuit Court for Pinellas County, Florida.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge